The Honorable Tim Wooldridge State Senator P.O. Box 339 Paragould, AR 72451
Dear Senator Wooldridge:
I am writing in response to your request for my official opinion on the following questions:
 1. Since the 4-H program is a function of the Cooperative Extension Service, which is a branch of the University of Arkansas, is this organization exempt from liability lawsuits based on the sovereign immunity provisions provided by Art. V, Sec. 20 of the Arkansas Constitution and therefore would not need to purchase liability insurance for events which they sponsor?
 2. Since the FFA program is a function of the public school system which is a branch of the Arkansas Department of Education, is this organization exempt from liability lawsuits based on the sovereign immunity provisions provided by Art. V, Sec. 20 of the Ark. Const. and therefore would not need to purchase liability insurance for events which they sponsor?
 3. In the event the Green County Fair Association, a private non-profit organization that maintains the fair grounds, ceases to exist, ownership of all the grounds and buildings of the Green County Fair would be assumed by the Greene County government. Would this relationship provide any protection for the Greene County Fair Board from liability lawsuits under any sovereign immunity provision of the Arkansas Constitution?
 4. In the event the 4-H and FFA programs are provided sovereign immunity protection from liability lawsuits, would the Greene County Fair Board also be provided any protection from such suits if the Board members are named as co-sponsors of an event or if the Board were to rent the grounds for use by these organizations?
 5. If the Board requires participants to sign a waiver stating that "all persons attending the event do so at their own risk," and releasing the Greene County Fair Board and any sponsoring organization from liability arising from any injury which occurs while attending the event, would this provide protection for the Greene County Fair Board from liability lawsuits?
My inquiries reveal that the Greene County Fair Association is a private, nonprofit corporation.
RESPONSE
I regret to say that I cannot answer your questions, which you have submitted on behalf of a private corporation. By statute, my formal opinions function is limited to advising various public officials and entities on constitutional and legal matters concerning their official actions. A.C.A. § 25-16-706. Moreover, under A.C.A. § 25-16-701, I am precluded from engaging or assisting in the private practice of law.
I appreciate that you are inquiring regarding the possible tort immunity not only of the Greene County Fair Association but also about the status of 4-H clubs and Future Farmers of America clubs. As you suggest in your request, these latter two organizations indeed have a public aspect. Seegenerally Bazemore v. Friday, 478 U.S. 385 (1986) (discussing the authorization in federal law of 4-H clubs affiliated with state extension services and certain other organizations, 7 C.F.R. § 8.1 — 7 C.F.R. § 8.10); 36 U.S.C. § 70901 et seq. (detailing the nature of Future Farmers of America as a federally chartered corporation that, pursuant to 36 U.S.C. § 70913, "is liable for the acts of its officers and agents acting within the scope of their authority"). However, under the circumstances as you have described them, the underlying issue in your request is what posture a private nonprofit corporation should take with respect to its potential tort liability in projects that also involve 4-H clubs, the FFA or both. I am unauthorized to offer advice on this issue, which the Greene County Fair Board should address to its private counsel.
I regret that I could not be of further assistance in this matter. Please feel free to contact me if I can be of assistance in some other respect.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh